UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY | CIVIL ACTION |
| VERSUS | NO. 06-4601 |
| BLACKWATER, INC. a/k/a<br>BLACKWATER USA | SECTION "C" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, LeRoy a/k/a Derek L. McSmith,[1] filed this complaint pro se and in forma pauperis against Blackwater Lodge & Training Center, Inc. d/b/a Blackwater USA (incorrectly identified in the complaint as Blackwater, Inc. a/k/a Blackwater USA). Plaintiff alleges that defendant's employees prevented him from entering the New Orleans Public Library on August 22, 2006 in violation of his First Amendment right to assemble and petition the government for redress.  He seeks an order allowing him to enter the New Orleans Public Library without having to inform any Blackwater representative of his purpose, and he requests compensatory and punitive damages. Complaint, Record Doc. No. 1, at pp. 1-4.

---

[1] Plaintiff has filed more than 20 civil actions in this court within the past year.  Although he captions and signs the instant suit simply as "LeRoy," he has filed other lawsuits as LeRoy a/k/a Derek L. McSmith or Derek Leroy McSmith.

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(5) and 12(b)(6), citing several grounds for dismissal. Record Doc. No. 18. The motion has been referred to me for report and recommendation. Record Doc. No. 20. Because I recommend dismissal based on plaintiff's failure to state a claim against Blackwater upon which relief can be granted, I have not addressed defendant's alternative arguments.

## ANALYSIS

Plaintiff's allegations that defendant violated the First Amendment attempt to assert a claim under 42 U.S.C. § 1983. However, defendant Blackwater is a private entity that provides security services to the New Orleans Public Library. Defendant's Memorandum in Support of Motion to Dismiss, Record Doc. No. 18, at p.3.

To be successful under Section 1983, a plaintiff must establish that the defendant has acted under color of state law in violating his rights. 42 U.S.C. § 1983; Daniels v. Williams, 474 U.S. 327, 331 (1986). Action taken under color of state law for purposes of Section 1983 requires a defendant's use of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and when the defendant is engaged in the "performance of official duties." United States v. Causey, 185 F.3d 407, 414, 415 (5th Cir. 1999). To state a claim under Section 1983, a plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law." Mississippi

2

Women's Medical Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989) (emphasis added); accord Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999).  Plaintiff must show that defendant's actions are "fairly attributable to the state."  West v. Atkins, 487 U.S. 42, 49 (1988).

The allegations of plaintiff's complaint do not suggest that Blackwater acted under color of state law.  Maynard v. Price Realty Co., 102 Fed. Appx. 854, 2004 WL 1427290, at *1 (5th Cir. June 23, 2004).  No circumstances are alleged under which Blackwater could be considered a state actor.  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Maynard, 2004 WL 1427290, at *1; Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988).  Thus, since Blackwater is not a state actor, plaintiff's Section 1983 claim against Blackwater has no basis in federal law and must be dismissed for failure to state a cognizable claim.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the motion to dismiss filed by Blackwater Lodge & Training Center, Inc. d/b/a  Blackwater USA (incorrectly identified in the complaint as Blackwater, Inc. a/k/a Blackwater USA) be **GRANTED** and that plaintiff's complaint against this defendant be **DISMISSED WITH**

**PREJUDICE** under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  21st  day of March, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE