UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY | CIVIL ACTION |
| VERSUS | NO. 06-4601 |
| BLACKWATER, INC. a/k/a<br>BLACKWATER USA ET AL. | SECTION "C" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, LeRoy a/k/a Derek L. McSmith, filed this complaint pro se and in forma pauperis. Defendants, the United States of America, the United States Marshals Service and Deputy Marshal Michael Credo (collectively "the federal defendants"), filed a motion for summary judgment.[1] Record Doc. No. 30. Defendant, John Edward Futral, Jr., filed a Motion to Dismiss or, Alternatively, for Summary Judgment. Record Doc. No. 31. The motions were referred to me for report and recommendation. Record Doc. No. 20.

By order dated May 2, 2007, I required plaintiff to respond in writing to defendants' motions by May 14, 2007. That order advised LeRoy that failure to follow the requirements of the order may result in a recommendation that the motions be granted

---

[1] This motion, originally filed by defendants as a motion to dismiss, was converted to a motion for summary judgment. Record Doc. No. 35.

without a further hearing. Record Doc. No. 35. No response from plaintiff to the May 2, 2007 order has been received.

A review of the record indicates that the May 2, 2007 order was mailed to LeRoy at the address on his complaint. The order was returned to the court as undeliverable. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1E and 41.3.1E.

By order dated May 17, 2007, I ordered plaintiff to show cause why his suit should not be dismissed for failure to comply with my previous order and otherwise failing to prosecute, by filing written reasons and the previously ordered response to defendants' motions on or before May 31, 2007. LeRoy was advised that this would be his final notice of this requirement and that failure to comply with this order and the court's Local Rules will result in issuance of a report and recommendation that the motions be granted and/or that plaintiff's case be dismissed with prejudice for failure to prosecute. The show cause order was mailed to both the address that was listed on plaintiff's complaint and another address that he has used in other lawsuits he has filed in this court. Record Doc. No. 37. The court has received no response from plaintiff to this order.

## ANALYSIS

A.   Defendants' Motions Should Be Granted

Defendants' motions for summary judgment are deemed unopposed. In addition, the motions are well-founded and should be granted.

First, as to plaintiff's claim asserted under the Federal Tort Claims Act, it is undisputed that LeRoy has failed to exhaust his administrative remedies. He is therefore barred from bringing suit on this claim. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Cook v. United States, 978 F.2d 164, 166 (5th Cir. 1992).

Second, it is undisputed that the United States Marshals Service is a federal agency, Deputy Marshal Credo is a federal employee and Futral is employed by a private security company. Because none of the defendants is a state actor, plaintiff cannot prove an essential element of his claims against any of them under 42 U.S.C. § 1983. Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Accordingly, defendants are entitled to summary judgment on plaintiff's Section 1983 claims as a matter of law.

Even assuming that plaintiff intended to bring his claims against the federal defendants under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 396 (1971), Bivens does not provide a cause of action against the United States government, a federal agency (such as the Marshals Service) or government officers in their official capacities.

Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994). Plaintiff's allegations against the Marshals Service and Deputy Marshal Credo relate to actions that could only be taken in an official capacity.

On the other hand, a Bivens claim is available against government officers in their individual capacities. Williamson v. United States Dep't of Agriculture, 815 F.2d 368, 380 (5th Cir. 1987). Because there is no doctrine of respondeat superior in Bivens actions, Deputy Marshal Credo may be held liable only if he was personally involved in the acts causing the deprivation of LeRoy's constitutional rights or if he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Cronn v. Buffington, 150 F.3d 538, 544-45 (5th Cir. 1998); Saunders v. Bush, 15 F.3d 64, 67 (5th Cir. 1994). The undisputed facts establish that Deputy Marshal Credo was not personally involved in the allegedly unconstitutional search by Futral. Plaintiff fails to allege any facts to show that Deputy Marshal Credo implemented any unconstitutional policy. Therefore, LeRoy's claims against Deputy Marshal Credo in his individual capacity must be dismissed as a matter of law.

Furthermore, even if Futral could somehow be considered a state actor for purposes of Section 1983 or a federal actor for purposes of asserting a Bivens claim, Futral is entitled to qualified immunity. The undisputed facts in Futral's affidavit and the attached exhibits, Record Doc. No. 31, demonstrate that Futral's conduct did not violate

4

any clearly established constitutional right and that his conduct was objectively reasonable under existing clearly established law. Jacobs v. West Feliciana Sheriff's Dep't, 228 F.3d 388, 393 (5th Cir. 2000); Foster v. City of Lake Jackson, 28 F.3d 425, 429 (5th Cir. 1994).

Accordingly, defendants' motions for summary judgment should be granted.

B.   Plaintiff Has Failed to Prosecute This Action

Alternatively, plaintiff's claims should be dismissed for his failure to prosecute this action. He has twice been ordered to respond to defendants' motions for summary judgment and to this court's orders, and he has twice been advised that failure to do so could result in dismissal of his action. However, he has failed to respond.

The Federal Rules of Civil Procedure provide that the court may in its discretion dismiss any action based on the plaintiff's failure to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); Hulsey v. State of Tex., 929 F.2d 168, 171 (5th Cir. 1991); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his

actions alone in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

In this action, plaintiff has not complied with any of the court's recent orders.  A pattern of unjustified delay and complete failure to prosecute a case over an extended time in the face of explicit warnings of dismissal by the court justifies dismissal.  Salinas v. Sun Oil Co., 819 F.2d 105, 106 (5th Cir. 1987); Brinkmann, 813 F.2d at 747.

The court has tried to have LeRoy provide it with the information necessary to prosecute his case.  Plaintiff's failure to comply with the court's orders clearly reflects a failure on his part to prosecute his action.  Accordingly, his claims against all remaining defendants should be dismissed with prejudice.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment filed by the United States of America, the United States Marshals

Service and Michael Credo, be **GRANTED** and that plaintiff's complaint against these defendants be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss or, Alternatively, for Summary Judgment filed by John Edward Futral, Jr. be **GRANTED** and that plaintiff's complaint against this defendant be **DISMISSED WITH PREJUDICE**.

In the alternative, **IT IS RECOMMENDED** that plaintiff's claims against the United States of America, the United States Marshals Service, Michael Credo and John Edward Futral, Jr. be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_7th\_\_\_ day of June, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE